**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| DAVID K. and KATHLEEN MACDOWELL, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| AMERIQUEST MORTGAGE COMPANY; AMC MORTGAGE SERVICES, INC.; and DEUTSCHE BANK NATIONAL TRUSTEE, | ) ) ) )   CIVIL ACTION NO. ) ) |
| Defendants. | ) ) ) ) ) ) |

## NOTICE OF REMOVAL

Defendants, Ameriquest Mortgage Company ("Ameriquest"), AMC Mortgage Services, Inc. ("AMC"), and Deutsche Bank National Trust Company, as Trustee ("Deutsche Bank, as Trustee") (collectively "defendants") hereby provide notice that they are removing this action originally commenced in the Superior Court for Middlesex County, Massachusetts, to the United States District Court for the District of Massachusetts, Eastern Division.  In support thereof, defendants state as follows:

1.      Defendants exercise their rights under the provisions of 28 U.S.C. §§ 1332, 1441, and 1446, to remove this case from the Superior Court for Middlesex County, Massachusetts.

2.      This case is pending in the Superior Court for Middlesex County, Massachusetts under the name and style of <u>David K. and Kathleen MacDowell v. Ameriquest Mortgage</u>

Company, AMC Mortgage Services, Deutsche Bank National Trustee, and Korde & Associates,
P.C., Civil Action No. 07-3675.[1]

3.    28 U.S.C. § 1441(a) provides:

Except as otherwise expressly provided by Act of Congress, any civil action
brought in a State court of which the district courts of the United States have
original jurisdiction, may be removed by the defendant or the defendants, to the
district court of the United States for the district and division embracing the place
where such action is pending.  For purposes of removal under this chapter, the
citizenship of defendants sued under fictitious names shall be disregarded.

4.    This is a civil action that was instituted in the Superior Court for Middlesex
County, Massachusetts, and has not been tried.  Plaintiffs filed their Complaint on or about
September 24, 2007.  A true and correct copy of the plaintiffs' Complaint Seeking to Enforce
Settlement Agreement and to Set Aside Foreclosure Sale ("Complaint") and Summons are
attached hereto as Exhibits A (Complaint) and B (Summons).  Defendants were served with a
copy of the Complaint and Summons on or about October 19, 2007.   See Exhibit B.

5.    As more fully set forth below, this case is properly removed to this Court under
28 U.S.C. § 1441 because this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) in
that the matter in controversy, as set forth in the Complaint, exceeds the sum or value of
$75,000, exclusive of interest and costs, and is between citizens of different states.

## I.    DIVERSITY JURISDICTION EXISTS PURSUANT TO 28 U.S.C. § 1332(a)

### A.    There Is Complete Diversity Of Citizenship Between Plaintiffs And Defendants

6.    In determining whether complete diversity exists, the Court considers the
citizenship of all properly joined parties.  28 U.S.C. § 1441(b).

---

[1]    Defendant Korde & Associates, P.C. was voluntarily dismissed from this action on
October 25, 2007.

7.     The Complaint identifies plaintiffs as residents of the Commonwealth of Massachusetts.  See Compl. at ¶ 5.  For purposes of diversity of citizenship under 28 U.S.C. § 1332, plaintiffs are citizens of the Commonwealth of Massachusetts.

8.     Deutsche Bank, as Trustee, is a national banking association.  National banking associations are deemed "citizens of the States in which they are respectively located."  See 28 U.S.C. § 1348.  The United States Supreme Court has held that this language means that a national banking association is a citizen of the State in which its main office, as set forth in its articles of association, is located.  Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 318 ( 2006).  Deutsche Bank, as Trustee's main office is located in the State of California.  For purposes of diversity of citizenship under 28 U.S.C. § 1332, Deutsche Bank, as Trustee, is a citizen of a state other than the Commonwealth of Massachusetts.

9.     Ameriquest is a corporation organized under the laws of the State of Delaware with its principal place of business in the State of California.  A "corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  See 28 U.S.C. § 1332(c)(1).  For purposes of diversity of citizenship under 28 U.S.C. § 1332, Ameriquest is a citizen of a state other than the Commonwealth of Massachusetts.

10.     AMC is a corporation organized under the laws of the State of Delaware with its principal place of business in the State of California.  A "corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  See 28 U.S.C. § 1332(c)(1).  For purposes of diversity of citizenship under 28 U.S.C. § 1332, Ameriquest is a citizen of a state other than the Commonwealth of Massachusetts.

11.    There is complete diversity of citizenship for purposes of federal jurisdiction under 28 U.S.C. § 1332(a).

      **B.**    <u>**The amount in controversy exceeds $75,000, exclusive of interest and costs**</u>

12.    Plaintiffs' Complaint alleges, among other things, that plaintiffs entered into a refinance mortgage loan with defendant Ameriquest in August 2002.  <u>See</u> Compl. at ¶ 14.  The principal amount on plaintiffs' mortgage was $150,000.  <u>Id.</u>

13.    In February 2006, Ameriquest foreclosed on the property located at 425 Wheeler Road, Dracut, Massachusetts (the "Property") and became the title owner of the Property.  <u>See id.</u> at ¶ 44.

14.    Plaintiffs' Complaint alleges that in June 2007 Ameriquest agreed to deed the Property to plaintiffs and to originate a new 30-year fixed rate mortgage (the "Agreement").  <u>Id.</u> at  ¶ 49.  Plaintiffs further allege that the new 30-year fixed rate mortgage would be in the amount of $325,197.10.  <u>Id.</u> at ¶ 49 and Ex. D.

15.    The plaintiffs allege that they purchased the Property in 1996 for $169,900.00.  <u>Id.</u> at ¶ 12.  The Property is currently assessed at $349,800.  <u>See</u> Ex. 1 to Winder Decl.;[2] <u>see also</u> Town of Dracut, Town Assessor, at <u>http://www.dracut-ma.us/departments.aspx?deptid=6</u> (indicating that town assessment records are available at <u>www.visionappraisal.com</u>).

16.    Plaintiffs' Complaint alleges that the defendants wrongfully foreclosed on the Property by failing to properly comply with Massachusetts General Laws Chapter 233, § 14.  <u>Id.</u> at ¶¶ 107-110.  Plaintiffs allege that this purported conduct entitles plaintiffs to a declaratory judgment that the foreclosure on the Property was invalid and that the plaintiffs are the sole owners in fee simple of the Property.  <u>See id.</u> at ¶¶ 117-120, Requested Relief at subparas. b-e.

---

[2]    <u>In re Colonial Mortgage Bankers Corp.</u>, 324 F.3d 12, 19 (1st Cir. 2003) (courts may take judicial notice of matters of public record).

17.    Plaintiffs also seek injunctive relief to enforce the Agreement, which would require Ameriquest to deed the Property to plaintiffs.  See id. at ¶¶ 54-56, Requested Relief at subpara. a.

18.    The jurisdictional amount in controversy requirement is satisfied because: 1) plaintiffs seek to enforce an agreement to provide a mortgage loan in an amount in excess of $75,000 and to deed a property valued in excess of $75,000; and 2) plaintiffs seek a declaration that they are the sole owners in fee simple of a property valued in excess of $75,000.  See Compl., Request for Relief, subpara. a-e.  "Courts have repeatedly held that the value of the matter in controversy is measured not by the monetary judgment which the plaintiff may recover but by the judgment's pecuniary consequences to those involved in the litigation."  Richard C. Young & Co., LTD. v. Leventhal, D.D.S., M.S., 389 F.3d 1, 3 (1st Cir. 2004); Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977) (stating that "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy [for purposes of diversity jurisdiction] is measured by the value of the object of the litigation").

19.    A plaintiff puts the entire value of the mortgage loan at issue where the plaintiff seeks declaratory and injunctive relief regarding the enforcement of the mortgage contract.  See Rosen v. Chrysler Corp., 205 F.3d 918, 921 (6th Cir. 2000) (stating that "in cases where a plaintiff seeks to rescind a contract, the contract's entire value, without offset, is the amount in controversy"); Fitzgerald Railcar Servs. of Omaha, Inc. v. Chief Indus., Inc., No. 04-1949, 2005 WL 1154293, *1 (8th Cir. May 17, 2005) (stating that "the value of the object of litigation is not measured simply by the amount in alleged default,… but also by the value of the lease agreement if terminated").

20.     Where, as here, a plaintiff seeks injunctive or equitable relief related to possession of property, "the amount in controversy is the value of the realty directly affected." City of Atchison v. Maczuk Industries, Inc., 2002 WL 1900493, at *3 (D. Kan. Aug. 14, 2002); see also Garfinkle v. Wells Fargo Bank, 483 F.2d 1074, 1076 (9th Cir. 1973) (finding diversity jurisdiction where fair market value of property subject to California foreclosure procedure exceeded jurisdictional amount in controversy requirement).

21.     The mortgage loan amount, as contemplated by the alleged Agreement, exceeds $75,000.00, exclusive of interest and costs.  Further, the value of the Property to be deeded, as allegedly contemplated by the Agreement and for which plaintiffs seek a declaratory judgment that they are the sole owners in fee simple, exceeds $75,000.00, exclusive of interest and costs. As such, the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied.

22.     Because there is complete diversity of citizenship, and because the amount in controversy exceeds $75,000 exclusive of costs and interests, the Court has jurisdiction over plaintiffs' claims pursuant to 28 U.S.C. § 1332.

## III.    PROCEDURAL COMPLIANCE

23.     In accordance with the requirements of 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days after service upon the defendants of a copy of the Summons and Complaint in this case.  See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999) (pursuant to 28 U.S.C. § 1446(b), defendant has 30 days from formal service of process to file notice of removal).  Defendants remove this matter without waiving any objections or defenses that they may have, including, without limitation, objections to sufficiency of process or sufficiency of service thereof.

24.    Pursuant to 28 U.S.C. § 1441, <u>et</u> <u>seq.</u>, the right exists to remove this case from the Superior Court for Middlesex County, Massachusetts, to the United States District Court for the District of Massachusetts, Eastern Division.

25.    Pursuant to 28 U.S.C. § 1446(a), attached hereto are true and correct copies of the Complaint bearing civil action number 07-3675 (Exhibit A) and the Summons (Exhibit B).

26.    Written notice of the filing of this Notice of Removal will be served upon the plaintiffs as required by law.

27.    A true and correct copy of this Notice of Removal will be filed with the clerk of the Superior Court for Middlesex County, Massachusetts, as required by law, and served upon plaintiffs.

**WHEREFORE**, defendants Ameriquest Mortgage Company, AMC Mortgage Services, Inc., and Deutsche Bank National Trust Company, as Trustee, hereby remove this case from the Superior Court for Middlesex County, Massachusetts, where it is now pending, to this honorable Court, and respectfully request that this Court accept jurisdiction of this action, and henceforth that this action be placed upon the docket of this Court for further proceedings, as though this case had originally been instituted in this Court.

AMERIQUEST MORTGAGE COMPANY,
AMC MORTGAGE SERVICES, INC.,
AND DEUTSCHE BANK NATIONAL
TRUST COMPANY, as Trustee,

By their attorneys,

s/ Phoebe S. Winder

_____
R. Bruce Allensworth (BBO #015820)
Phoebe S. Winder (BBO #567103)
David D. Christensen (BBO #666401)
KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Tel: 617.261.3100
Fax: 617.261.3175
bruce.allensworth@klgates.com
phoebe.winder@klgates.com
david.christensen@klgates.com

Dated: November 8, 2007

## CERTIFICATE OF SERVICE

I hereby certify that this *Notice of Removal* filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non registered participants on November 8, 2007.

s/ Phoebe S. Winder
Phoebe S. Winder