108.   Deutsche Bank and Korde wrongfully foreclosed on the Dracut property because they failed to protect the rights of the MacDowells in conducting the sale.

109.   The foreclosure was wrongful because Deutsche Bank and Korde failed to comply with M.G.L. c. 244 §14 and therefore failed to meet the statutory prerequisites for exercise of the power of sale.

110.   The MacDowells suffered damages as a result of Deutsche Bank's and Korde's wrongful foreclosure.

## COUNT XI: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (As Against Deutsche Bank and Korde)

111.   The MacDowells repeat and reallege all paragraphs above as if set forth fully herein.

112.   By failing to act in good faith and use reasonable diligence when it foreclosed on the Dracut property Deutsche Bank and Korde intentionally or recklessly caused emotional distress the MacDowells.

## COUNT XII: IMPROPER ACCOUNTING
### (As Against AMC)

113.   The MacDowells repeat and reallege all paragraphs above as if set forth fully herein.

114.   AMC has not properly applied the MacDowells monthly mortgage payments, including those required under the forbearance agreement.

115.   As a result of this improper accounting, AMC collected more from the MacDowells than what was legally due to reinstate their loan and avoid foreclosure.

16

116. The MacDowells have suffered damages as a result of AMC's improper accounting, including, without limitation, loss of the Dracut property.

## COUNT XIII: DECLARATORY JUDGMENT
### (As Against Deutsche Bank and Korde)

117. The MacDowells repeat and reallege all paragraphs above as if set forth fully herein.

118. Deutsche Bank and Korde failed to act in good faith and use reasonable diligence when it foreclosed on the Dracut property.

119. The foreclosure sale is invalid because Deutsche Bank and Korde failed to comply with the requirements of M.G.L. c. 244 §14, as well as other prerequisites to foreclosure under Massachusetts law.

120. Pursuant to M.G.L. c. 231A, § 1, the MacDowells are entitled to a declaration that:

    i.    Deutsche Bank and Korde failed to act in good faith and with reasonable diligence when it foreclosed on the Dracut property;

    ii.    Deutsche Bank's and Korde's foreclosure on the Dracut property was wrongful;

    iii.    The February 21, 2006 sale is invalid; and

    iv.    The MacDowells are the sole owners in fee simple of 425 Wheeler Road, Dracut MA 01826.

## REQUESTED RELIEF

WHEREFORE, the MacDowells respectfully request that this honorable Court:

    a.) provide injunctive relief to enforce the parties' settlement agreement;

17

b.) declare that Deutsche Bank and Korde failed to act in good faith and with reasonable diligence when it foreclosed on the Dracut property;

c.) declare that Deutsche Bank's and Korde's foreclosure on the Dracut property was wrongful;

d.) declare that the February 21, 2006 foreclosure sale of the Dracut property is invalid;

e.) declare the MacDowells to be the sole owners in fee simple of 425 Wheeler Road, Dracut MA 01826;

f.) award damages;

g.) award the MacDowells their reasonable attorneys' fees and costs;

h.) order the Defendants to correct the MacDowells' loan account and provide them with an accounting of their loan; and

i.) grant such relief as the Court deems appropriate and just.

Respectfully Submitted,
David K. and Kathleen MacDowell
By their attorneys,

Shehnan Kavanagh BBO #655174
Gary Klein BBO #560769
Roddy, Klein & Ryan
727 Atlantic Ave., 2nd floor
Boston, MA 02111
Tel. 617-357-5500 x 15
Fax. 617-357-5030

Dated: September 19, 2007

## JURY DEMAND

The MacDowells demand a trial by jury.

Shehnan Kavanagh

18

*EXHIBIT A*

Attachment 2



January 31, 2006

Received
2/17/06

DAVID K MACDOWELL
KATHLEEN MACDOWELL
425 WHEELER RD
DRACUT, MA 01826-4235

Loan Number:   0037907755

Property Address:  425 WHEELER RD, DRACUT, MA, 01826

Dear DAVID MACDOWELL and KATHLEEN MACDOWELL,

We regret to inform you that the previously approved Forbearance Agreement dated , has been canceled. Our decision to cancel this agreement is based on your failure to deliver to us the payment of $1,340.46 which was due January 30, 2006.

In compliance with the terms of the Forbearance Agreement, your loan has been returned to the Foreclosure Department to resume foreclosure proceedings.

A sale date is set for February 21, 2006. No further notice will be sent to you.

If you have any questions regarding this matter, or would like to discuss other possible options to avoid the loss of your home, please call me at the number listed below.

Sincerely,

Shakola Jackson, Home Retention Specialist
Home Retention Group
(800)211-6926, extension 38368

The Fair Debt Collection Practices Act requires that we notify you that: if your mortgage is in default, AMC Mortgage Services, Inc. shall attempt to collect the debt; and any information we obtain will be used for that purpose. If you have received a discharge in bankruptcy, and the mortgage loan was not reaffirmed, AMC shall only exercise its rights against the property and shall not attempt to collect the discharged debt from you personally. If you are represented by an attorney with respect to your mortgage loan, please forward this letter to your attorney. Also, as required by law, you are hereby notified that we may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

Also doing business as Delaware AMC Mortgage Services, Inc., in the states of Texas, Rhode Island, and New Hampshire
505 City Parkway West, Suite 100, Orange, CA 92868 (800) 211-6926 *                                    4

*EXHIBIT B*

*Attachment 3*

# KORDE & ASSOCIATES, P.C.

Counsellors at Law
321 Billerica Road, Suite 210
Chelmsford, MA 01824-4100

SANJIT S. KORDE
ARI N. HASFORDER
JULIE A. RANIERI
ANOUK DAVAN
VICTOR RAMCHARAN

JOHN H. SUMATHOKLAND, OF COUNSEL

Telephone (978) 256-1500
Telefax (978) 256-7615
Email: skorde@kordeassoc.com

*Received 2/14*

February 7, 2006

Kathleen MacDowell
425 Wheeler Road
Dracut, MA 01826

FIRST CLASS MAIL &
CERTIFIED MAIL NO.7004-1160-0002-9345-5443

RE:   Ameriquest Mortgage Company vs. David K. MacDowell and Kathleen MacDowell
Land Court Case No. 303489
Property Address: 425 Wheeler Road, Dracut, MA

Dear Ms. MacDowell:

You are hereby notified of the intention of Ameriquest Mortgage Company to foreclose by sale under the power of sale contained in a certain mortgage given by David K. MacDowell and Kathleen MacDowell to Ameriquest Mortgage Company. The sale has been rescheduled to February 21, 2006 at 10:00 AM on the premises.

THIS LETTER IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Very truly yours,

Julie A. Ranieri

JAR/rw

**EXHIBIT C**

February 18, 2006

AMC Mortgage Services
505 City Parkway West, Suite 100
Orange, CA 92868
ATTN: Edlyn Delaney
      Shakola Jackson
      Stephanie Gongora

**RE: Loan # 0037907755 – Kathleen & David MacDowell**

Dear Ladies:

There seems to be some confusion with my home retention agreement. Within the last three weeks, I have received three separate communications, one from each of you (copies attached), requesting different monetary amounts payable by January 30, 2006 to maintain a "current" status on my account. Repeated phone calls have not been returned. It would appear that perhaps a miscommunication has occurred.

Unfortunately this "miscommunication" and lack of resolution has once again resulted in my being informed of your intent to foreclose on my property on February 21, 2006 at 10:00am. Letters are dated January 31 and February 7 but were not received until February 17 and 18 respectively. Given that I have received inconsistent information, I find it incomprehensible that you can proceed with a foreclosure when your internal communications do not correlate. How can a mortgage payment increase from $1800 to $2400 to $4700 to $6700 to $7000 in less than 18 mo. without qualifying documentation and explanation being provided?

With this in mind, I respectfully request that you immediately cease the foreclosure action and begin the internal audit on my account that was promised on several occasions by AMC staff between August to December 2005. It would be in both of our best interests to commence this activity in order to adequately identify and resolve payment, receipt of payment, questionable and applicable fees, interest allocated and any other discrepancies that are uncovered,

To review recent activity, on 12/1/05, at AMC's request, $19,000 was rendered via wire transfer, as "back fees" as explained to me by AMC. No subsequent information was provided to me indicating where the funds were applied. Following this large payment, I received notice from Korde & Assoc. on 12/15/05 by certified mail yet another notice of foreclosure scheduled for the following day at 2:30pm. After many frantic calls to AMC without return calls, I contacted Korde & Assoc. and was informed at 2:25pm that it was an error and I should keep up monthly payments as requested. Having, at that time, not received any communication regarding a monthly payment, how was I to do so??

To say the stress and mental anguish caused by this "error" was detrimental to my well being is putting it mildly. I was subsequently treated for anxiety that same day only after having the fear that I was in the process of a major myocardial infarction. I am a Registered Nurse and have much experience with crisis and urgent care but being within five minutes of losing my

Loan # 0037907755 – Kathleen & David MacDowell                                    Page 2

home, I was unable to differentiate between the anxiety caused by the fear of losing my home
and possible symptoms of an MI. I am currently receiving medical care for this condition that
along with maintaining some sort of routine for my three dependent children is a challenge.
Our utilities have repeatedly been shut-off in my efforts to meet the inconsistent demands
made of me by AMC. Unfortunately, this has been an ongoing and chronically harassing
endeavor for the last several months that remains unresolved but yet can be brought to
foreclosure status without adequate explanation of fund distribution and expectations.

Additionally, I, along with Jeanne D'Arc Credit Union have made repeated requests for a
mortgage payoff statement with no response from AMC. It is possible I am mistaken but I
believe Massachusetts Law mandates such requests be honored within five business days.
Given Jeanne D'Arc is a lender attempting to finance my mortgage it would seem AMC would
be amenable to providing such information. Again, my attempt to resolve the situation is met
with no response not only to me but also to another lender.

Currently, I do not receive monthly payment coupons indicating account status, payments
made, interest applied, balance due, escrow amounts etc. and have not been able to secure
such information verbally or in writing. With the substantial monetary amounts being
requested I believe an accounting of fund disbursement is a valid request. Again, I am met
with no response.

With respect to our 2005 Mortgage Interest Statement, I believe the information is incorrect
and have submitted to AMC my disagreement with the amount of $4000 interest paid for 2005
per my Income Tax Accountant, Frank Sarro of H&R Block, North Andover, MA. He is unable
to prepare our income tax return due to the enormous difference in amounts paid from 2004
being $21,000 and 2005 being $4000. His advice was to contact both AMC and the Internal
Revenue Service. Both which I have done and am again met with no reply from AMC. Now it
is likely I will have to request an extension from the IRS due to this erroneous information
again causing me and my family stress and mental anguish.

Regarding the impending foreclosure scheduled for February 21 at 10:00am, please be
advised that I attempted to Western Union a payment of $6700 (not $1340.46 as requested in
one letter) on Saturday, Feb. 18 but was unsuccessful due to the timing of events. I received
the foreclosure notice in the Feb. 18 mail at approx. 11:15am and immediately went to the
bank to wire the funds but was reminded that this would take 2-4 days to post to AMC. I then
purchased a bank check and went to a local Western Union office only to learn they accept
cash only. By this time, the bank was closed. My next thought was to deliver the funds to
Korde & Assoc. but recalled the events in early December 2005 when they would not accept
funds which leaves me perplexed in that all of their communications highlight "This letter is an
attempt to collect a debt ..." but yet they will not collect a debt! Monday, Feb. 20 is a holiday
and my bank is closed, I will therefore redeposit the bank check in person at 8:00am on
Tuesday, February 21 and withdraw $6700 in cash. I will then go directly to the Western Union
office and wire the funds to AMC, provided I haven't been robbed along the way. You should
see this transaction when you begin your business day. I trust this action will provide a stay of
execution in order that we can rectify this situation urgently and amicably. In good faith, I
chose to remit the higher amount of $6700 rather than the $1340.46 requested in a letter on

**Loan # 0037907755 – Kathleen & David MacDowell**                                    Page 3

Jan. 31 but not received until Feb. 17. It is my hope that such an effort will reinforce to you my conviction to resolve this situation.

In summary, not being acquainted with other Ameriquest/AMC customers and living with the fear of having to remit exorbitant amounts of money to remain in my home I was both shocked and devastated to read the front-page of the The Boston Globe on Jan. 23 and learn there were others involved in a class-action lawsuit with AMC related to fees and foreclosure etc. It is with this information in hand that I contacted the appropriate authorities, including AMC, for immediate resolution. A final concern is my original loan amount in Aug. 2002 of $287,000 remains the unchanged in credit reporting agencies. Where have my funds been applied?

Thank you for your urgent attention to this matter. I will be available by phone to discuss these matters. Home – 978-452-5358 or Cell – 978-697-8658. I look forward to speaking with you.

Sincerely,

*Kathleen M. MacDowell*

Kathleen M. MacDowell
425 Wheeler Road
Dracut, MA 01826

Cc: Julie A. Ranieri, Korde & Assoc. P.C.
    Thomas F. Reilly, Office of the Attorney General,
    Commonwealth of Massachusetts

Attachments

**EXHIBIT D**

# RODDY KLEIN & RYAN

Attorneys at Law

727 Atlantic Ave., 2nd Floor
Boston, Massachusetts 02111

Shennan Kavanagh

Tel. (617) 357-5500 x 12
Fax (617) 357-5030
kavanagh@roddykleinryan.com

June 13, 2007

*Via Mail and Facsimile 978.256.7615*

Victor Manougian, Esquire
Korde & Associates, P.C.
321 Billerica Road, Suite 210
Chelmsford, MA 01334

> Re:   Deutsche Bank National Trustee and Kathleen and David MacDowell
>         Loan No. 0153620182-2112

Dear Victor:

This letter is to follow up on my June 4, 2007 email to you requesting an update
on the status of the above reference matter. My understanding based on your June 8, 2007
response to my email is that Ameriquest has all of the documentation it needs from the
MacDowells and you are waiting for a response as to the final loan terms.

Based on previous telephone conversations and written correspondence with you,
Ameriquest has agreed to deed the property located 425 Wheeler Road, Dracut, MA
01826 back to the MacDowells and originate a new loan with Ameriquest that contains
no restrictions on refinancing with another lender, no points and fees, and no prepayment
penalty. In response to your June 19, 2006 email asking whether the MacDowells wanted
a 30-year or a 2/28 loan, I confirmed in a letter dated November 8, 2006 that they agreed
to a 30-year fixed loan.

As an initial matter, please let me know when Ameriquest will execute the
transactions necessary to deed the property back to the MacDowells. The MacDowells
reserve their right to seek court intervention to set aside the foreclosure sale.

Next, the MacDowells have received preliminary loan documents from
Ameriquest. As raised in my February 13, 2007 letter to you, the preliminary Truth-in-
Lending Disclosure Statement indicates that the MacDowells may be subject to a
prepayment penalty. This is inconsistent with our agreement set forth by email dated June
19, 2006 whereby Ameriquest agreed that there would be no prepayment penalty. This is
another reminder to ensure that Ameriquest corrects this error when it prepares the final
documents. In my February 13, 2007 letter, I also requested an itemization of all items
included in the Amount Financed, which totals $325,197.10. Please provide me with this

itemization as son as possible. My understanding is that Ameriquest is not imposing late charges or interest pending settlement discussions.

Finally, I renew my requests, articulated in letters and emails dated July 24, 2006, August 22, 2006, November 8, 2006 and February 13, 2007, for Ameriquest's position on whether it will clear any foreclosure related items from the MacDowells' credit reports. As you know, the issue of whether the foreclosure sale was proper remains in dispute, and the MacDowells have meritorious claims and defenses that the sale was invalid. In light of this, I expect Ameriquest will be willing to remove any foreclosure sale items from their credit report. Otherwise, we will be forced to seek discovery on this issue. I also expect that the MacDowells will not be responsible for paying any foreclosure related fees and/or costs.

Ameriquest has conducted an appraisal of the MacDowells' property and has all of the necessary financial information from the MacDowells. As such, please inform me regarding the status of this matter so that we may resolve it expeditiously.

Thank you for your attention in this matter.

Sincerely,

Shennan Kavanagh

cc:      David and Kathleen MacDowell

2

CITIZENS BANK
/ MASSACHUSETTS

4622

**RODDY KLEIN & RYAN**    01/03
**ATTORNEYS AT LAW**
727 ATLANTIC AVE., 2ND FL.
BOSTON, MA 02111

5-7017/2110
611

September 19, 200

PAY TO THE
ORDER OF        Middlesex Superior Court                                    $ 295.00

Two Hundred NinteyFive and 00/100                                           DOLLARS

MEMO   Complaint Filing Fee and 4 Summonses                         MP

⑈0045622⑈ ⑆2110701751⑈ 1135551437⑈

RODDY KLEIN & RYAN
ATTORNEYS AT LAW                                              4622

RODDY KLEIN & RYAN
ATTORNEYS AT LAW                                              4622

CITIZENS BANK
MASSACHUSETTS

4622

**RODDY KLEIN & RYAN**
**ATTORNEYS AT LAW**
727 ATLANTIC AVE., 2ND FL.
BOSTON, MA 02111

01/03

5-7017/2110
611

September 19, 200

PAY TO THE
ORDER OF        Middlesex Superior Court                                          $ 295.00

Two Hundred NinteyFive and 00/100                                              DOLLARS

MEMO    Complaint Filing Fee and 4 Summonses

⑈0046 22⑈ ⑈:2110 70175⑈: 1135551437⑈

RODDY KLEIN & RYAN
ATTORNEYS AT LAW

4622

RODDY KLEIN & RYAN
ATTORNEYS AT LAW

4622