TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 07-CV-03675

David K. and Kathleen MacDowell, Plaintiff(s)

v.

Ameriquest Mortgage Company,
AMC Mortgage Services,
Deutsche Bank National Trustee,
and Korde & Associates, P.C.

Defendant(s)

## SUMMONS

To the above-named Defendant: AMC Mortgage Services   1100 Town & Country Rd., Ste. 1100
Orange, CA 92868

You are hereby summoned and required to serve upon Roddy Klein & Ryan

plaintiff's attorney, whose address is 727 Atlantic Ave., 2nd Fl. Boston, MA 02111, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Middlesex Superior Court Lowell Division - 360 Gorham St. Lowell, MA 01852 either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse**, Esquire, at ....................................................

the .......................... day of ..........................................................

........................, in the year of our Lord ......................... .

................................................
Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

Suffolk County Sheriff's Department • 151 Merrimac Street • Boston, MA 02114 • (617) 961-6999

Suffolk, ss.

November 1, 2007

I hereby certify and return that on 10/19/2007 at 10:25AM I served a true and attested copy of the Summons and Complaint in this action in the following manner: To wit, by delivering in hand to Lisa Mogan, agent and person in charge at the time of service for Ameriquest Mortgage Company, at c/o National Registered Agents, Inc, 303 Congress Street, 2nd Floor Boston, MA 02110. Basic Service Fee (IH) ($30.00), Travel ($15.36), Postage and Handling ($1.00), Attest/Copies ($5.00) Total Charges $51.36

Deputy Sheriff   George Slyva

Deputy Sheriff

Dated: ......................................................................, 20..........

**N.B. TO PROCESS SERVER:**
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

( _____ )
( ................................................., 20........ )
( _____ )

COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT CIVIL ACTION
No. 07-CV-03675

MIDDLESEX, ss.

David K. and Kathleen MacDowell ......... Plff.

v.

Ameriquest Mortgage Company, AMC Mortgage Services, Deutsche Bank National Trustee, and Korde & Associates, P.C. ......... Deft.

SUMMONS
(Mass. R. Civ. P. 4)

*Commonwealth of Massachusetts*
SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

MIDDLESEX, ss.

In testimony that the foregoing is a true copy on file and of record made by photographic process, I hereunto set my hand and affix the seal of said Superior Court this ____ day of November
(Deputy) Assistant Clerk

COMMONWEALTH OF MASSACHUSETTS

**Middlesex, SS**                                                          **SUPERIOR COURT**
                                                                           **C.A. NO. 07-3675**

| | |
|---|---|
| DAVID K. and KATHLEEN MACDOWELL, </br></br> Plaintiffs, </br></br> v. </br></br> AMERIQUEST MORTGAGE COMPANY; AMC MORTGAGE SERVICES, INC.; and DEUTSCHE BANK NATIONAL TRUSTEE, </br></br> Defendants. | ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

## NOTICE OF FILING OF NOTICE OF REMOVAL

TO:   The Clerk of the Court, Civil
       **Superior Court**
       **Middlesex County, Massachusetts**

PLEASE TAKE NOTICE that on November 8, 2007, defendants, Ameriquest Mortgage Company, AMC Mortgage Services, Inc., and Deutsche Bank National Trust Company, as Trustee,[1] filed a Notice of Removal in the United States District Court for the District of Massachusetts, Eastern Division, pursuant to 28 U.S.C. §1441 et seq. A certified copy of the Notice of Removal is attached hereto as Exhibit A.

---

[1]   Korde & Associates, P.C. was dismissed from this action on October 25, 2007.

- 2 -

Please be advised that the filing of such Notice of Removal with the United States District Court for the District of Massachusetts, Eastern Division, together with the filing of this Notice with the Clerk of the Superior Court, Middlesex County, Massachusetts, effects the removal of the above-captioned action. Accordingly, the Superior Court, Middlesex County, Massachusetts, shall proceed no further with this action unless and until it is remanded. See 28 U.S.C. § 1446(d).

        AMERIQUEST MORTGAGE COMPANY,
        AMC MORTGAGE SERVICES, INC.,
        AND DEUTSCHE BANK NATIONAL
        TRUST COMPANY, as Trustee,

By their attorneys,

/s/ David D. Christensen
R. Bruce Allensworth (BBO #015820)
Phoebe S. Winder (BBO #567103)
David D. Christensen (BBO #666401)
KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Tel: 617.261.3100
Fax: 617.261.3175
bruce.allensworth@klgates.com
phoebe.winder@klgates.com
david.christensen@klgates.com

Dated: November 21, 2007

- 3 -

## CERTIFICATE OF SERVICE

      I hereby certify that on November 21, 2007, I served a true copy of the foregoing *Notice of Filing Notice of Removal* by first-class United States mail, postage prepaid, upon the following:

Shennan Kavanagh, Esq.
Gary Klein, Esq.
Roddy, Klein & Ryan
727 Atlantic Ave., 2nd Floor
Boston, MA 02111

/s/ *David D. Christensen*
David D. Christensen

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| DAVID K. and KATHLEEN MACDOWELL, ) ) ) ) Plaintiffs, ) ) v. ) ) AMERIQUEST MORTGAGE ) COMPANY; AMC MORTGAGE ) SERVICES, INC.; and DEUTSCHE BANK ) NATIONAL TRUSTEE, ) ) ) Defendants. ) ) ) ) ) | CIVIL ACTION NO. 07 CA 12116 |

## NOTICE OF REMOVAL

Defendants, Ameriquest Mortgage Company ("Ameriquest"), AMC Mortgage Services, Inc. ("AMC"), and Deutsche Bank National Trust Company, as Trustee ("Deutsche Bank, as Trustee") (collectively "defendants") hereby provide notice that they are removing this action originally commenced in the Superior Court for Middlesex County, Massachusetts, to the United States District Court for the District of Massachusetts, Eastern Division. In support thereof, defendants state as follows:

1. Defendants exercise their rights under the provisions of 28 U.S.C. §§ 1332, 1441, and 1446, to remove this case from the Superior Court for Middlesex County, Massachusetts.

2. This case is pending in the Superior Court for Middlesex County, Massachusetts under the name and style of <u>David K. and Kathleen MacDowell v. Ameriquest Mortgage</u>

<u>Company, AMC Mortgage Services, Deutsche Bank National Trustee, and Korde & Associates, P.C.</u>, Civil Action No. 07-3675.[1]

3.  28 U.S.C. § 1441(a) provides:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

4.  This is a civil action that was instituted in the Superior Court for Middlesex County, Massachusetts, and has not been tried. Plaintiffs filed their Complaint on or about September 24, 2007. A true and correct copy of the plaintiffs' Complaint Seeking to Enforce Settlement Agreement and to Set Aside Foreclosure Sale ("Complaint") and Summons are attached hereto as Exhibits A (Complaint) and B (Summons). Defendants were served with a copy of the Complaint and Summons on or about October 19, 2007. See Exhibit B.

5.  As more fully set forth below, this case is properly removed to this Court under 28 U.S.C. § 1441 because this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) in that the matter in controversy, as set forth in the Complaint, exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

I.  **DIVERSITY JURISDICTION EXISTS PURSUANT TO 28 U.S.C. § 1332(a)**

   A.  **There Is Complete Diversity Of Citizenship Between Plaintiffs And Defendants**

6.  In determining whether complete diversity exists, the Court considers the citizenship of all properly joined parties. 28 U.S.C. § 1441(b).

---

[1] Defendant Korde & Associates, P.C. was voluntarily dismissed from this action on October 25, 2007.

7. The Complaint identifies plaintiffs as residents of the Commonwealth of Massachusetts. See Compl. at ¶ 5. For purposes of diversity of citizenship under 28 U.S.C. § 1332, plaintiffs are citizens of the Commonwealth of Massachusetts.

8. Deutsche Bank, as Trustee, is a national banking association. National banking associations are deemed "citizens of the States in which they are respectively located." See 28 U.S.C. § 1348. The United States Supreme Court has held that this language means that a national banking association is a citizen of the State in which its main office, as set forth in its articles of association, is located. Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 318 (2006). Deutsche Bank, as Trustee's main office is located in the State of California. For purposes of diversity of citizenship under 28 U.S.C. § 1332, Deutsche Bank, as Trustee, is a citizen of a state other than the Commonwealth of Massachusetts.

9. Ameriquest is a corporation organized under the laws of the State of Delaware with its principal place of business in the State of California. A "corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." See 28 U.S.C. § 1332(c)(1). For purposes of diversity of citizenship under 28 U.S.C. § 1332, Ameriquest is a citizen of a state other than the Commonwealth of Massachusetts.

10. AMC is a corporation organized under the laws of the State of Delaware with its principal place of business in the State of California. A "corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." See 28 U.S.C. § 1332(c)(1). For purposes of diversity of citizenship under 28 U.S.C. § 1332, Ameriquest is a citizen of a state other than the Commonwealth of Massachusetts.

11. There is complete diversity of citizenship for purposes of federal jurisdiction under 28 U.S.C. § 1332(a).

**B.      The amount in controversy exceeds $75,000, exclusive of interest and costs**

12. Plaintiffs' Complaint alleges, among other things, that plaintiffs entered into a refinance mortgage loan with defendant Ameriquest in August 2002. See Compl. at ¶ 14. The principal amount on plaintiffs' mortgage was $150,000. Id.

13. In February 2006, Ameriquest foreclosed on the property located at 425 Wheeler Road, Dracut, Massachusetts (the "Property") and became the title owner of the Property. See id. at ¶ 44.

14. Plaintiffs' Complaint alleges that in June 2007 Ameriquest agreed to deed the Property to plaintiffs and to originate a new 30-year fixed rate mortgage (the "Agreement"). Id. at ¶ 49. Plaintiffs further allege that the new 30-year fixed rate mortgage would be in the amount of $325,197.10. Id. at ¶ 49 and Ex. D.

15. The plaintiffs allege that they purchased the Property in 1996 for $169,900.00. Id. at ¶ 12. The Property is currently assessed at $349,800. See Ex. 1 to Winder Decl.;[2] see also Town of Dracut, Town Assessor, at http://www.dracut-ma.us/departments.aspx?deptid=6 (indicating that town assessment records are available at www.visionappraisal.com).

16. Plaintiffs' Complaint alleges that the defendants wrongfully foreclosed on the Property by failing to properly comply with Massachusetts General Laws Chapter 233, § 14. Id. at ¶¶ 107-110. Plaintiffs allege that this purported conduct entitles plaintiffs to a declaratory judgment that the foreclosure on the Property was invalid and that the plaintiffs are the sole owners in fee simple of the Property. See id. at ¶¶ 117-120, Requested Relief at subparas. b-e.

---

[2]     In re Colonial Mortgage Bankers Corp., 324 F.3d 12, 19 (1st Cir. 2003) (courts may take judicial notice of matters of public record).

17. Plaintiffs also seek injunctive relief to enforce the Agreement, which would require Ameriquest to deed the Property to plaintiffs. See id. at ¶¶ 54-56, Requested Relief at subpara. a.

18. The jurisdictional amount in controversy requirement is satisfied because: 1) plaintiffs seek to enforce an agreement to provide a mortgage loan in an amount in excess of $75,000 and to deed a property valued in excess of $75,000; and 2) plaintiffs seek a declaration that they are the sole owners in fee simple of a property valued in excess of $75,000. See Compl., Request for Relief, subpara. a-e. "Courts have repeatedly held that the value of the matter in controversy is measured not by the monetary judgment which the plaintiff may recover but by the judgment's pecuniary consequences to those involved in the litigation." Richard C. Young & Co., LTD. v. Leventhal, D.D.S., M.S., 389 F.3d 1, 3 (1st Cir. 2004); Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977) (stating that "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy [for purposes of diversity jurisdiction] is measured by the value of the object of the litigation").

19. A plaintiff puts the entire value of the mortgage loan at issue where the plaintiff seeks declaratory and injunctive relief regarding the enforcement of the mortgage contract. See Rosen v. Chrysler Corp., 205 F.3d 918, 921 (6th Cir. 2000) (stating that "in cases where a plaintiff seeks to rescind a contract, the contract's entire value, without offset, is the amount in controversy"); Fitzgerald Railcar Servs. of Omaha, Inc. v. Chief Indus., Inc., No. 04-1949, 2005 WL 1154293, *1 (8th Cir. May 17, 2005) (stating that "the value of the object of litigation is not measured simply by the amount in alleged default,... but also by the value of the lease agreement if terminated").

20. Where, as here, a plaintiff seeks injunctive or equitable relief related to possession of property, "the amount in controversy is the value of the realty directly affected." City of Atchison v. Maczuk Industries, Inc., 2002 WL 1900493, at *3 (D. Kan. Aug. 14, 2002); see also Garfinkle v. Wells Fargo Bank, 483 F.2d 1074, 1076 (9th Cir. 1973) (finding diversity jurisdiction where fair market value of property subject to California foreclosure procedure exceeded jurisdictional amount in controversy requirement).

21. The mortgage loan amount, as contemplated by the alleged Agreement, exceeds $75,000.00, exclusive of interest and costs. Further, the value of the Property to be deeded, as allegedly contemplated by the Agreement and for which plaintiffs seek a declaratory judgment that they are the sole owners in fee simple, exceeds $75,000.00, exclusive of interest and costs. As such, the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied.

22. Because there is complete diversity of citizenship, and because the amount in controversy exceeds $75,000 exclusive of costs and interests, the Court has jurisdiction over plaintiffs' claims pursuant to 28 U.S.C. § 1332.

### III.  PROCEDURAL COMPLIANCE

23. In accordance with the requirements of 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days after service upon the defendants of a copy of the Summons and Complaint in this case. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999) (pursuant to 28 U.S.C. § 1446(b), defendant has 30 days from formal service of process to file notice of removal). Defendants remove this matter without waiving any objections or defenses that they may have, including, without limitation, objections to sufficiency of process or sufficiency of service thereof.

24. Pursuant to 28 U.S.C. § 1441, et seq., the right exists to remove this case from the Superior Court for Middlesex County, Massachusetts, to the United States District Court for the District of Massachusetts, Eastern Division.

25. Pursuant to 28 U.S.C. § 1446(a), attached hereto are true and correct copies of the Complaint bearing civil action number 07-3675 (Exhibit A) and the Summons (Exhibit B).

26. Written notice of the filing of this Notice of Removal will be served upon the plaintiffs as required by law.

27. A true and correct copy of this Notice of Removal will be filed with the clerk of the Superior Court for Middlesex County, Massachusetts, as required by law, and served upon plaintiffs.

**WHEREFORE**, defendants Ameriquest Mortgage Company, AMC Mortgage Services, Inc., and Deutsche Bank National Trust Company, as Trustee, hereby remove this case from the Superior Court for Middlesex County, Massachusetts, where it is now pending, to this honorable Court, and respectfully request that this Court accept jurisdiction of this action, and henceforth that this action be placed upon the docket of this Court for further proceedings, as though this case had originally been instituted in this Court.

AMERIQUEST MORTGAGE COMPANY,
AMC MORTGAGE SERVICES, INC.,
AND DEUTSCHE BANK NATIONAL
TRUST COMPANY, as Trustee,

By their attorneys,

s/ Phoebe S. Winder

R. Bruce Allensworth (BBO #015820)
Phoebe S. Winder (BBO #567103)
David D. Christensen (BBO #666401)
KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Tel: 617.261.3100
Fax: 617.261.3175
bruce.allensworth@klgates.com
phoebe.winder@klgates.com
david.christensen@klgates.com

Dated: November 8, 2007

CERTIFICATE OF SERVICE

I hereby certify that this *Notice of Removal* filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non registered participants on November 8, 2007.

                                           s/ Phoebe S. Winder
                                           Phoebe S. Winder

MIDDLESEX, ss. **Commonwealth of Massachusetts**
SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

In testimony that the foregoing is a true copy on file and of record made by photographic process, I hereunto set my hand and affix the seal of said Superior Court this 23rd day of November, 2007.

(Deputy) Deputy Assistant Clerk

# Commonwealth of Massachusetts
## County of Middlesex
## The Superior Court

CIVIL DOCKET# **MICV2007-03675**

MacDowell et al

vs.

Ameriquest Mortgage Company et al

---

### ORDER OF TRANSFER (remand)

Pursuant to Massachusetts General Laws Chapter 231, Section 102C, as amended, and in accordance with Superior Court Rule 29, the above referenced case is Case REMOVED this date to US District Court of Massachusetts

Dated at Lowell, Massachusetts this 23rd day of November, 2007.



Michael A. Sullivan,
Clerk of the Courts

BY: /s/ Michael M. Brennan
Assistant Clerk

Telephone: 978-453-0201