UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID K. and KATHLEEN MACDOWELL,<br><br>Plaintiffs,<br><br>v.<br><br>AMERIQUEST MORTGAGE COMPANY,<br>AMC MORTGAGE SERVICES, INC., and<br>DEUTSCHE BANK NATIONAL TRUST,<br><br>Defendants. | C.A. NO.: 07-12116-RGS |

**MEMORANDUM IN SUPPORT OF MOTION TO STAY LITIGATION PENDING
JUDICIAL PANEL ON MULTIDISTRICT LIGITATION'S TRANSFER DECISION**

**INTRODUCTION**

Plaintiffs, David K. and Kathleen MacDowell (the "MacDowells") move this Court to issue an order staying this litigation pending the outcome of their request to the Judicial Panel on Multidistrict Litigation, ("JPML"), to transfer this action as a "tag-along" action to *In Re: "Ameriquest Mortgage Co., Mortgage Lending Practices Litigation"*, MDL 1715, in the U.S. District Court for the Northern District of Illinois (Lead Case No. 05-07097). To date, virtually all federal litigation against Ameriquest has been transferred to MDL 1715.

**PROCEDURAL HISTORY**

On December 14, 2005, the JPML issued a transfer order establishing MDL 1715. Counsel for the MacDowells, along with two other law firms, were appointed as co-lead counsel for the class actions pending in MDL 1715. On September 19, 2007, the MacDowells, through counsel, filed this action in Middlesex Superior Court, alleging similar facts and claims against the same defendants as those in MDL 1715. The Defendants filed a Notice of Removal to this

Court on November 8, 2007, which the MacDowells did not oppose. Defendants have since filed a Motion to Dismiss [Docket No. 9], on which the briefing is not complete. The Consolidated Class Action Complaint in MDL 1715 has survived an initial motion to dismiss and substantial discovery has been completed.

## ARGUMENT

The Court has discretion to stay the current action "based on principles of equity and comity, [which] empower[] a trial judge to exercise his or her discretion and dismiss an action, where an action involving the same issues between the same parties is already pending in another forum." *Storagenetworks, Inc. v. Metromedia Fiber Network Service*, Inc. 13 Mass.L.Rptr. 640, 2001 WL 1334881, at *1-*2 (Mass. Super. 2001) (citing *White Light Productions, Inc. v. On the Scene Productions, Inc.*, 231 A.D.2d 90, 96-97, 660 N.Y.S.2d 568, 572-73 (additional citation omitted).

"The decision whether to grant a stay in these circumstances requires a judgment that balances the judicial interest in the efficient disposition of cases, principles of comity and the substantive interests underlying the causes of action in the proceeding being sought to be stayed." *Van Emden Management Corp. v. Marsh & McLennan Companies*, 20 Mass.L.Rptr. 79, 2005 WL 2456737 (Mass. Super. 2005). In *Van Emden Management Corp.*, the Defendant sought a stay in light of pending federal multidistrict litigation addressing the same issues, arguing judicial economy compelled it. *Id.* The Superior Court granted the motion, holding that "to permit the litigation here to go forward would disserve the public interest in fair and efficient case management and would compromise principles of comity." *Id.,* at *2.

Among the considerations that the *Van Emden* Court found weighed in favor of the stay were the availability of a national forum for the disposition of the Plaintiffs' allegations, the

identity of substance of the factual allegations between the instant action and the consolidated federal class actions, the similarity between the theories of relief and claims advanced in the state court action and the consolidated federal actions, and the diligence with the presiding federal judge was managing the consolidated federal actions. The *Van Emden* Court also relied on a decision of the Business Litigation Session of the Superior Court, in which Judge Van Gestel ordered a parallel state action stayed holding that to do otherwise would "set up the potential for differing declarations by two separate judges, after duplicate hearings or trials, on identical issues of facts and law….[T]here certainly is no reason to proceed further with [the state] actions until there is some indication-which there is absolutely none now-that the matters are not moving forward in the Federal Court." *Id.*, at *4 (*citing, Seidman v. Central Bancorp,* Inc., 2003 WL 369678 (Mass. Sup., Feb. 3, 2003). On the basis of all of these factors, and in the interest of judicial economy, the court stayed the action.

All of the factors upon which the *Van Edem* Court relied for its decision to stay the state court action are present here. First, MDL 1715 is an available national forum for the disposition of the MacDowells' allegations. Virtually all federal litigation against Ameriquest has been transferred to MDL 1715. Issues similar to those present in this case have been subject to discovery and coordinated pretrial proceedings in MDL 1715 for almost three years. The existing discovery and the pretrial proceedings would allow the parties to expedite resolution of the matter present here in the event of transfer.

Next, there are numerous common factual allegations between the instant action and MDL 1715, for example; (1) that Ameriquest used aggressive marketing tactics to induce the MacDowells into a refinance transaction; (2) that the loan the MacDowells received from Ameriquest was different and less favorable than what Ameriquest promised them; (3) that the

Ameriquest loan was characterized by high closing costs and a high prepayment penalty; (4) that the MacDowells were not provided with a interest rate discount despite paying discount points; (5) that the MacDowells were unable to obtain accurate information needed to reinstate their loan from AMC; and (6) that AMC did not properly apply the MacDowells payments. Based on these factual allegations, the MacDowells have raised theories of relief and claims such as, breach of contract, bait and switch, misrepresentation, improper servicing, and unjust enrichment – all of which are present in MDL 1715. Finally, Judge Marvin Aspen – the presiding judge over MDL 1715, has been diligent managing MDL 1715.

In addition, the fact that counsel for the MacDowells is representing the Class Plaintiffs in the MDL proceeding further supports a stay of this litigation pending transfer. *Williams v. Fedex Ground Package System, Inc.*, 23 Mass. L. Rptr. 192, 2007 WL 3013266, at *3 (Mass. Super. 2007).

As such, the Court should exercise its discretion to stay the instant action, pending the JPML's decision on transferability to MDL 1715.

## CONCLUSION

For all of the foregoing reasons, the Court should grant the MacDowells' Motion to Stay.

Respectfully submitted,
David K. and Kathleen MacDowell,
By their attorneys,

/s/ Shennan Kavanagh
Gary Klein
Shennan Kavanagh
RODDY KLEIN & RYAN
727 Atlantic Avenue, 2nd floor
Boston, MA 02111
Tel (617) 357-5500 x 15
Fax (617) 357-5030
kavanagh@roddykleinryan.com
